GLD-291                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2443
_____

IN RE:  RICHARD BANKS,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 1-06-cr-00829-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 20, 2013

Before: FUENTES, FISHER and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 8, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Richard Banks, a federal prisoner proceeding pro se, seeks a writ of

mandamus to compel the United States District Court for the District of New Jersey to

rule on his application for a writ of coram nobis.  For the reasons that follow, we will

deny the petition.

1

Mandamus is a drastic remedy available only in the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means to obtain the desired relief." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

According to Banks, he sent his application for a writ of coram nobis to the District Judge's chambers in January, 2013, prior to his April, 2013, sentencing for conspiracy to commit bank fraud and violating the terms of his supervised release. The application was not properly filed until the end of May, 2013. Banks claims that he meets the rigorous standard for issuance of a writ of mandamus because he was somehow denied the opportunity to make certain arguments to the District Court, via his application for a writ of coram nobis, prior to sentencing.[1] However, Banks has already availed himself of the proper means for seeking relief: his pending appeal from the District Court's imposition of sentence, docketed at C.A. No. 13-2094. Banks may not use a mandamus petition as a substitute for the appeals process. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). We will, therefore, deny the mandamus petition.

---

[1] We note that Banks was represented by counsel at all times during the proceedings before the District Court and is represented by counsel in C.A. No. 13-2094.

2